GARLAND *et al.*, *Appellants*, v. SMITH *et al.*

In Banc, March 19, 1895.

1.  **Equity:** JURISDICTION: WILL.   Courts of equity have, in this state, no jurisdiction to set aside a will on the ground of fraud.

2.  ———: ———: ———.   While courts of law apply equitable principles in the determination of will contests, their jurisdiction is still that of courts of law, and their procedure is according to the course of the latter courts.

3. **Will:** TRUST: APPELLATE PRACTICE. A declaration of trust and a subsequent will making the same disposition of the property were assailed on the ground of undue influence and the want of mental capacity on the part of the testatrix. A judgment sustaining the will was affirmed on appeal. *Held*, that a decree sustaining the trust should also be affirmed, as a reversal would be nugatory.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Hiram J. Grover*, and *Lee, McKeighan & Priest*, and *Jos. S. Laurie*, with whom is *H. Crea*, for appellants.

*Judson & Taussig* for respondents.

DIVISION TWO.

GANTT, P. J.—This is a proceeding in equity to set aside and cancel a declaration of trust made by Persis Smith on September 22, 1886, and also a paper called "Instructions of Mrs. Persis Smith to George Smith, trustee," executed September 25, 1886, on the ground that at the time of their execution Mrs. Smith had not sufficient mental capacity to understand the nature of the said instruments, and the further ground that at the time she was under the domination and undue influence of George Smith.

This cause was tried and heard in conjunction with another, a statutory contest of the last will and testament of Mrs. Smith, executed October 15, 1890, some four and one half years later. In both cases the judgment of the circuit court was adverse to the plaintiffs and contestants. We have affirmed the judgment in the will case at this delivery. The parties in each case and the property involved are the same, and the two causes were certified to this court in one record.

We are at once confronted with the suggestion that as the will was executed in 1890, over four years after these trust instruments, and necessarily revoked and annulled the instruments, which were testamentary in their nature, and the will has now, by the judgment of the circuit court and of this court, been finally established, even should we hold the trust instruments void, no good purpose could be subserved, because it would not affect the status of the property involved.

On the other hand, counsel for contestants insist that the will and the trust conveyances are tied together by the fact that the same disposition is made by the will that is made by the trust deed. So that if the trust deed and instructions of 1886 were obtained by fraud, deceit and imposition on the part of George Smith, or by his undue influence, or if they were made under the influence of delusions operating on the mind of Mrs. Smith, then the disposition made by her will would be affected to the same extent as the disposition made by the trust deed and instructions thereunder, and must also be set aside; and this position is supplemented by the further suggestion that the will on its face recites that a doubt has arisen as to the validity of the disposition made by the trust deed and the instructions thereunder.

But, upon mature consideration, it seems apparent that, in order to do this, we must hold that a will contest is a proceeding in equity, and reverse the established course of procedure that has obtained since the organization of this state, and thus create endless confusion in the practice. Courts of equity have never, in England or in this state, assumed jurisdiction to set aside a will obtained by fraud, and for that reason courts of law have invariably applied equitable principles in these contests; but in so doing they have not ceased to be courts of law, nor have they changed the

course of procedure in law courts. The issue is tried before a jury, unless waived, and instructions are given as in other law cases, and appeals are heard in this court as in other law actions, with the same presumptions in favor of the correctness of the verdicts of the juries and findings of the trial courts. So while these two causes have come to this court in one record, they remain distinct actions, one at law, and the other in equity.

The practice governing in law cases must control in the will contest, as we have held in the other case, upon the settled line of decisions since the first volume of our reports. The chancery practice permits us to re-examine the evidence and decide upon our own views of it.

Having come to the conclusion that there was no error in the law case, and there being no jurisdiction in equity to set aside the will for fraud, the decision in that case is a finality. No good reason can now be subserved by considering at length the transactions prior to that will, because it is clear that Mrs. Persis Smith was, by the original declarations of trust in 1876, and in 1881, authorized to dispose of this property by her last will, and its execution is a revocation of all former dispositions. Under this view of the case, it becomes unnecessary to discuss the evidence, or the claim of adoption, and the many other interesting propositions of law so ably and forcibly presented by both sides.

We have gone through this entire record and given it our most careful consideration, but in view of the fact that the determination of the will contest in favor of the defendants settles the status of the property, and a reversal would serve no good purpose, we have arrived at the conclusion that this judgment should also be affirmed. All of this division concur.

IN BANC.

PER CURIAM.—The foregoing opinion of GANTT, J., filed in division number two, November 20, 1894, is adopted as the opinion of the court *in banc*. In accordance therewith the judgment of the circuit court is affirmed, all the judges concurring.